**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN C. PARKINSON, | DOCKET NUMBER |
| Appellant, | SF-0752-13-0032-X-1 |
| | SF-0752-13-0032-C-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | |
| Agency. | DATE: November 25, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jesselyn Radack, Kristin Alden, and Kathleen McClellan, Washington, D.C., for the appellant.

Drew Ambrose, Monica Hansen, Alexandra M. Felchlin, and Celeste M. Wasielewski, Washington, D.C., for the agency.

Deja C. Nave, San Francisco, California, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

This petition for enforcement is with the Board's Office of General Counsel to obtain compliance with the Board's October 10, 2018 final decision in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

underlying case. *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-M-2, Appeal File, Tab 11, Initial Decision. The appellant filed a petition for enforcement of that decision, which the administrative judge granted in part in a January 15, 2020 compliance initial decision. *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-C-1, Compliance File, Tab 15, Compliance Initial Decision (CID). Both parties petitioned for review of the compliance initial decision. On May 20, 2024, the Board issued an Order denying the petitions for review; affirming in part, modifying in part, and vacating in part the analysis in the compliance initial decision; and referring the petition for enforcement to the Office of General Counsel for additional processing in furtherance of the Board issuing a final decision. *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-C-1, Order (May 20, 2024) (Order); *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-C-1, Compliance Petition for Review File, Tab 8.

For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement and the pending petitions for review.

**DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE**

On January 15, 2020, the administrative judge granted in part and denied in part the appellant's petition for enforcement of the Board's final order in his underlying case, which had mitigated his removal to a suspension and ordered the agency to pay him back pay, with interest, and benefits. CID at 1-2. The agency filed a petition for review, and the appellant filed a cross petition for review.[2] On

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the

May 20, 2024, the Board issued an Order denying both the petition for review and cross petition for review, and affirming in part and vacating in part the administrative judge's holdings. Order at 2. The Board ultimately determined that the agency was required to take the following actions to comply with the underlying final order mitigating the appellant's removal: (1) place the appellant in the appropriate leave category from September 14, 2012, to July 13, 2016; (2) pay the appellant back pay, with interest, and benefits, from July 14, 2016, to December 17, 2018; and (3) restore the appellant to the status quo ante from December 18, 2018, to December 30, 2018. Order at 17-18; *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-X-1, Compliance Referral File (CRF), Tabs 9, 11.

Following multiple submissions by both parties, CRF, Tabs 12-15, 17-18, 20-21, 23, the parties agreed that the agency had complied with all of its obligations except issues related to the appellant's military leave pay for the years 2016, 2017, and 2018. CRF, Tab 9 at 2, Tab 21 at 5-6, Tab 23 at 4. We address this remaining issue below.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear

provisions of 5 C.F.R. §§ 1201.114-1201.115. 5 C.F.R. § 1201.183(a)(6) (2020).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

On February 5, 2025, the parties jointly reported that the agency had complied with all of its obligations except issues related to the appellant's military leave pay for the years 2016, 2017, and 2018. CRF, Tab 23 at 4. The Board accordingly issued an order requiring the agency to explain its legal and factual objections to the appellant's assertion of entitlement to this pay. CRF, Tab 24 at 1-2. The order provided the appellant 7 days to respond to the agency's response and noted that, if he failed to do so, the Board might deem him satisfied and dismiss his petition for enforcement. *Id.* at 3.

On April 11, 2025, the agency timely responded to the Board's order. CRF, Tab 25. The agency argued that the appellant was not entitled to military leave pay, because: (1) the military leave statute, 5 U.S.C. § 6323(a), entitles an employee only to leave without loss in pay, not separate payment for military service performed; and (2) the Back Pay Act, 5 U.S.C. §§ 5551(a), 5596, does not require payment of a separate military leave sum. CRF, Tab 25 at 5-6. The agency further contended that even if the appellant were entitled to such pay, it was already represented in his outside earnings and so he did not suffer a "loss" in pay by virtue of performing military service; and that the amounts or merits of any debts owed by the appellant were not within the scope of the back pay issues, *id.* at 6-7. The appellant did not respond to the agency's filing, despite having been represented throughout these proceedings by diligent counsel.

Because the appellant did not respond to or dispute the agency's representations of compliance, despite the Board's warning of the consequences of failing to do so, we find the agency in compliance. We do not address the agency's military leave and debt arguments or its contentions earlier in the enforcement process regarding its compliance obligations, *see, e.g.*, CRF, Tab 16, Order to

Show Cause.  Doing so is not necessary to the resolution of the enforcement matter in light of the parties' agreement on nearly all issues and the appellant's lack of response on the single outstanding issue.

In light of the foregoing, we find that agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement and the pending petitions for review.  This is the final decision of the Merit Systems Protection Board in these compliance proceedings.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.